This was an action on the case disclosing the following facts. The plaintiff and defendant having each a boat in the river Holston, designed to load them for the purpose of going down the river on a trading voyage. The plaintiff's boat was in repair, the defendant's was not. The defendant having his loading ready, which the plaintiff had not, proposed an exchange of boats, which was agreed to, upon the defendant's agreeing to repair the plaintiff's boat. The defendant descended the river in the boat which he had procured from the plaintiff in exchange. In a little time after the exchange was made, the boat which was to have been repaired was carried away by a fresh, or flow, in the river, and was lost. The defendant, however, had a sufficient time to have repaired her, agreeably to contract, but neglected.
The only question was as to the measure of damages. The counsel for the plaintiff claimed damages for the loss of the voyage.
It was insisted, e contra, that he was only entitled to damages for the price of the repairs. *Page 477 
Evidence of the probable advantage that might have been derived from the voyage cannot be received. There are two leading principles respecting the assessment of damages. In actions founded on torts, orquasi torts, juries must necessarily have considerable discretion and latitude, there being no certain means by which the Court can say what ought to be the damages. In simple breaches of contract the rule seems to be different, and there the nature of things admits the establishment of certainty and precision, which is at all times desirable. The plaintiff is not entitled to damages for any fancied or probable advantage he might have derived from his contract. The defendant contracted to repair the boat; the plaintiff is entitled to damages, to the amount of these repairs, and no more.